UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
Michael A. Artis, Esq.
One Newark Center, Suite 2100
Newark, NJ   07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-Mail: Michael.A.Artis@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Nicholas Pezza, | : | Case No. 16-33371(RG) |
| | : | |
| Debtor. | : | Hearing Date: April 18, 2018 at 2:00 p.m. |
| | : | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO
CONFIRMATION OF THE DEBTOR'S PLAN OF REORGANIZTION**

The Acting United States Trustee ("UST"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §586(a)(3) and (5), respectfully submits this limited objection (the "Limited Objection") to confirmation of the Plan of Reorganization (docket entry 77) (the "Plan") filed by Nicholas Pezza, the above-captioned Debtor (the "Debtor "), and respectfully represents as follows:

**BACKGROUND**

1. On December 8, 2016 the individual Debtor filed a voluntary petition for relief under Chapter 11 of title 11, United States Code (the "Bankruptcy Code").

2. An Unsecured Creditors' Committee has not been appointed in this case.

3. On February 20, 2018, the Debtor filed the Chapter 11 Plan of Reorganization ("the Plan"). As of the filing of this Objection, the Plan is scheduled for a confirmation hearing on April 18, 2018 at 2:00 p.m.

4. Pursuant to 11 U.S.C. §586, the UST is obligated to oversee the administration of Chapter 11 cases. Under 11 U.S.C. §307, the UST has standing to be heard on any issue in any case or proceeding under the Bankruptcy Code. Such oversight is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.), 33 F.2d 294, 295-96 (3d Cir. 1994) (noting that the UST has "public interest standing" under 11 U.S.C. §307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

## OBJECTION

*Discharge Provision:*

5. Section IV. A. of the Plan (page 16 of the Plan) provides certain terms regarding a "discharge". The language of this provision includes a statement: "[u]pon confirmation of the Plan, Debtor shall be discharged of liability for payment of debts incurred before Confirmation". Admittedly, this provision is qualified with references limiting it to 11 U.S.C. § 1141. However, the manner in which this provision is formulated suggests a discharge upon confirmation. Such repetition could cause a misinterpresentation that such relief is granted upon the Effective Date.

6. It is respectfully asserted that the discharge provision drafted in this Court's form Individual Debtor's Chapter 11 Combined Plan of Reorganization would better serve this case,

and that any confirmation order entered should replace the Plan's discharge provision identified above with the following:

> Confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

***Debtor's Failure to Timely File Monthly Operating Reports:***

7. The Debtor is not in compliance with the applicable provisions of this title as required by 11 U.S.C. § 1129(a)(2) in that the Debtor has failed to file Monthly Operating Reports with the Court and the UST for the months of November 2017, December 2017, and February 2018.

8. Pursuant to 11 U.S.C. § 1129(a)(11), the Plan must be feasible. Because no operating reports have been filed for November 2017, December 2017, and February 2018, there is insufficient information to determine that the Plan is feasible.

9. The UST reserves his right to supplement this objection based on any information obtained from the missing monthly operating reports, when and if filed.

WHEREFORE, the UST respectfully requests that the Court deny confirmation of the Plan as presented.


Dated: Newark, New Jersey  
      April 11, 2018

Respectfully submitted,

ANDREW R. VARA  
ACTING UNITED STATES TRUSTEE  
REGION 3

By: */s/ Michael A. Artis*  
    Michael A. Artis  
    Trial Attorney