UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.:   16-33371 (RG) |
| Nicholas Pezza, | Chapter:   7 |
| Debtor. | Judge:   Rosemary Gambardella |

### NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

Steven P. Kartzman, Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later 7 days before the hearing date.

| Address of the Clerk: | Jeanne A. Naughton, Clerk
Martin Luther King Jr. Federal Building
50 Walnut Street, P.O. Box 1352
Newark, New Jersey 07102 |
|---|---|

If an objection is filed, a hearing will be held before the Honorable Rosemary Gambardella on August 27, 2024 at 10:00 a.m. at the United States Bankruptcy Court, Courtroom No. 3E, Martin Luther King Jr. Federal Building, 50 Walnut Street, Newark, New Jersey (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

Nature of action: The Trustee investigated potential equity in property owned by Nicholas Pezza (the "Debtor") located at Lot 45, Block 18, Royal Highlands, Unit No. 1, Hernando County, Florida (the "Property). Based upon the Debtor's testimony and documentation provided by the Debtor, the Trustee identified non-exempt equity in the Property totaling approximately $8,000.00. Demand was made on the Debtor for the turnover of 8,000.00. In the alternative, the Trustee would list and sell the Property Counsel for the Trustee entered into negotiations with the Debtor's attorney and has come to a resolution regarding the turnover of the non-exempt equity.

Pertinent terms of settlement: The Debtor shall pay the sum of $7,000.00 to satisfy the Trustee's turnover demand, by way of seven (7) $1,000.00 monthly payments beginning on August 1, 2024. Should the Debtor fail to make any of the required payments, the Trustee shall file a certification of default with the Court on notice to the Debtor. Should the Debtor fail to cure the default within ten (10) days of the filing of the certification of default the Court shall enter a non-dischargeable judgment against the Debtor in an amount equal to 1.5 times the Settlement Amount, less any payments made to the Trustee (the "Judgment") and enter an order compelling the Debtor to cooperate with the listing and sale of the Property, the proceeds of which shall be applied against the Judgment. The Trustee believes that the settlement is in the best interests of the estate as it maximizes value and will avoid unnecessary litigation and costs of sale, which would necessarily diminish any additional recovery.

Objections must be served on, and requests for additional information directed to:

Name:    /s/ Steven P. Kartzman, Esq., Mellinger Kartzman

Address:    101 Gibraltar Drive, Suite 2F, Morris Plains, New Jersey 07950

Telephone No.: (973) 267-0220